Peter **FEDORKO**, Appellant,

v.

**STATE of Minnesota, COMMISSIONER OF HUMAN SERVICES,** Respondent.

No. C7–94–1298.

Court of Appeals of Minnesota.

Dec. 27, 1994.

Stanley H. Nathanson, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Patricia A. Sonnenberg, Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., and SCHUMACHER and DAVIES, JJ.

## OPINION

SCHUMACHER, Judge.

Peter Fedorko appeals from the district court's affirmation of the Department of Human Services' decision denying him a waiver of the statutory requirement that he obtain personal care services through an agency enrolled as a provider in Minnesota's Medical Assistance Program. *See* Minn.Stat. § 256B.04, subd. 16(b) (1992). An appeals referee recommended affirmance of the department's decision, the Commissioner of Human Services adopted the referee's recommendation, and the district court affirmed the Commissioner's decision. Fedorko challenges the district court's order, arguing the department's interpretation of the law was clearly erroneous. We affirm.

## FACTS

Fedorko is a disabled individual who requires the services of a personal care attendant to live independently. Fedorko has been receiving personal care services under the Minnesota Medical Assistance Program since 1976.

Until 1988, Medical Assistance recipients were allowed to hire individual personal care attendants who were enrolled in the Medical Assistance Program as independent providers. Responding to reports of abuse, the legislature amended the Medical Assistance statute in 1987 to require the Commissioner of Human Services to promulgate rules mandating that personal care services paid for under Medical Assistance be provided through enrolled provider organizations. *See* 1987 Minn.Laws ch. 378, § 15 (codified as amended at Minn.Stat. § 256B.04, subd. 16 (1988)).

Pursuant to the statutory directive, the Department of Human Services promulgated rules which defined "personal care provider" as "an agency that has a contract with the department to provide personal care services." Minn.R. 9505.0335, subpt. 1.D (1993). The regulations also set out the agency's responsibility to screen, hire, train, and supervise personal care attendants. Minn.R. 9505.0335, subpts. 5, 6, 7, 12 (1993). The legislature amended the personal care statute in 1990 to allow the Commissioner to grant a waiver of the agency requirement when less than two agencies were providing services in a recipient's county of residence. 1990 Minn.Laws ch. 568, art. 3, § 22 (codified as amended at Minn.Stat. § 256B.04, subd. 16(b) (1990)).

On December 7, 1992, Fedorko requested a waiver of the agency requirement because he believed fewer than two agencies serving Winona County could meet his needs. The department denied Fedorko's request. Fedorko challenged the denial pursuant to Minn.Stat. § 256.045, subd. 3 (1992). A hearing was held before a referee on April 26, 1993, but the referee determined that neither Fedorko nor the department had presented sufficient evidence to support their assertions.

The hearing was reconvened November 17, 1993. Representatives of three provider agencies interested in serving Fedorko appeared at the hearing. None of the agencies had clients in Winona County at that time. Based on the representatives' testimony, the referee determined that the department had properly denied Fedorko's waiver request.

The referee found that there were at least three agencies that could provide, and were willing to provide, necessary services to Fedorko. The referee rejected Fedorko's argument that the agencies must be currently serving clients in Winona County before he could be denied a waiver.

The Commissioner adopted the referee's recommendation on January 27, 1994. Fedorko challenged the Commissioner's decision in the district court on February 28, 1994. The district court affirmed the Commissioner's decision on May 17, 1994. This appeal followed.

### ISSUE

Did the Commissioner err in determining that Fedorko was not entitled to a waiver from the agency requirement when there were three personal care organizations that, although not currently serving clients in Fedorko's county of residence, were capable of and willing to provide the legally authorized home care services required by Fedorko?

### ANALYSIS

■ The essential facts of this case are not in dispute, and the only issue on appeal involves the interpretation of a statute. "[O]n matters of statutory interpretation, this court is not bound by the determination of an administrative agency." *Arvig Tel. Co. v. Northwestern Bell Tel. Co.*, 270 N.W.2d 111, 114 (Minn.1978). But, the

> manner in which the agency has construed a statute may be entitled to some weight, however, where (1) the statutory language is technical in nature, and (2) the agency's interpretation is one of long-standing application.

*Id.* The Medical Assistance statute provides that the

> commissioner may waive the requirement for the provision of personal care services through an agency in a particular county, when there are less than two agencies providing services in that county.

Minn.Stat. § 256B.04, subd. 16(b) (1992).

■ Fedorko argues that "providing services in that county" should be construed to mean that an applicant is entitled to a waiver if there are no agencies which *currently* have clients in the applicant's county. We disagree.

The legislature did not intend an absurd or unreasonable result when it enacted section 256B.04. *See* Minn.Stat. § 645.17(1) (1992). Fedorko's interpretation of the statute would lead to absurd results, in that the department would be required to waive the agency requirement even when several provider organizations from other counties were capable of providing the necessary personal care services in the applicant's county.

The department's interpretation of the statute is reasonable because it allows agencies to expand into new counties and recognizes that some agencies may have provided services in a particular county previously, but are no longer doing so because their clients may have moved, switched to a different agency, or entered nursing facilities. To require the department to waive the agency requirement because willing and capable agencies are not currently serving other individuals in the county would undermine the legislature's mandate that personal care services for Medical Assistance recipients be provided through approved agencies.

### DECISION

The Commissioner properly denied Fedorko's application for a waiver from the statutory requirement that personal care services be obtained through an approved agency.

**Affirmed.**